NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-522

COMMONWEALTH

vs.

BRIAN J. KELLIHER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Superior Court, the defendant was convicted of trafficking in cocaine, 100 grams or more but less than 200 grams, and possession with intent to distribute both class B and class D substances. On appeal, he challenges the judge's failure to instruct the jury, sua sponte, on duress. We affirm.

Discussion. As relevant here, for a defendant to rely on the affirmative defense of duress, the evidence must show that there was "a present, immediate, and pending threat of such a nature as to induce a well-founded and reasonable fear of death or serious bodily injury if the criminal act is not done, with no reasonable and available chance of escape, and where no person of reasonable firmness could have acted otherwise in the

circumstances."[1]  Commonwealth v. Vasquez, 462 Mass. 827, 832-833

(2012).  In assessing the adequacy of that showing in this case,

we consider the evidence in its totality and in the light most

favorable to the defendant.  See Commonwealth v. Guardado, 491

Mass. 666, 683 (2023), S.C., 493 Mass. 1 (2023); Commonwealth v.

Melzer, 14 Mass. App. Ct. 174, 184 (1982) ("even if a criminal

defendant gives incredible testimony, he is entitled to any

instruction required upon the hypothesis that the testimony is

true").  The defendant did not request an instruction on duress;

to the extent that we discern error in the judge's failure to

provide the duress instruction sua sponte, our review is for a

substantial risk of a miscarriage of justice.  See Commonwealth

v. Freeman, 352 Mass. 556, 563-564 (1967).

Summarized in the light most favorable to the defendant,

see Guardado, 491 Mass. at 683, the evidence at trial showed

that at the direction of a former friend, Darwin Soto, the

defendant unwillingly participated for several months in a

---

[1] "The rationale of the defense [of duress] is not that the defendant, faced with the unnerving threat of harm unless he does an act which violates the literal language of the criminal law, somehow loses his mental capacity to commit the crime in question.  Nor is it that the defendant has not engaged in a voluntary act.  Rather it is that, even though he has done the act the crime requires and has the mental state which the crime requires, his conduct which violates the literal language of the criminal law is justified because he has thereby avoided a harm of greater magnitude."  Commonwealth v. Vasquez, 462 Mass. 827, 833 (2012), quoting United States v. LaFleur, 971 F.2d 200, 205 (9th Cir. 1991), cert. denied, 507 U.S. 924 (1993).

2

scheme to distribute fentanyl and cocaine[2] and that he did so because he feared for his life and the safety of his family at the hands of Soto and Soto's drug suppliers.  The defendant's fear was based on three considerations:  (1) his observation of a gun in a car used by a non-English speaking stranger to deliver drugs to the defendant during the summer of 2016 while Soto was in jail;[3] (2) unspecified threats made to him by Soto in August or September 2017; and (3) his observation of a firearm in Soto's possession on an occasion in the same late summer timeframe in 2017.

For our purposes, the evidence established that Soto threatened the defendant and that the defendant continued to participate in the drug operation because he was afraid of Soto and Soto's suppliers.  It did not, however, establish the defendant's entitlement to an instruction on duress because several elements of duress were not established in the evidence.[4]

---

[2] The defendant also possessed and sold marijuana by agreement with Soto although, at trial, he testified that he did so voluntarily.

[3] The defendant testified that he was aware that he and Soto owed money to the people from whom Soto obtained the drugs that the defendant and Soto sold.

[4] We assume without deciding that the defendant's voluntary participation in one facet of Soto's drug dealing (his selling marijuana to defray the cost of his own marijuana purchases from Soto) did not disqualify him from relying on duress as an affirmative defense to the indictments related to his role in selling cocaine and fentanyl.  But see Vasquez, 462 Mass. at 833 (duress "is not available to a person who recklessly puts himself in a position where coercion probably will be applied").

First, without any detail about the substance of the threats, the jury had no basis on which to determine whether the threatened harm met the "imminence requirement" under our law by showing that the harm was "near at hand" or "menacingly near." Commonwealth v. Perl, 50 Mass. App. Ct. 445, 448-449 (2000) (quotation omitted). Contrast Commonwealth v. Robinson, 382 Mass. 189, 192 (1981) (defense of duress available where codefendant responded to defendant's withdrawal from robbery plan by reentering defendant's car and discharging shotgun into car's interior door). To the extent that the defendant suggests that the jury could have inferred that the threat was both imminent and serious from the fact that the defendant "did not feel safe being involved" with Soto and was concerned for his family's safety, we do not agree. Analogizing to the affirmative defense of necessity, we consider the defense applicable only to threats of harm that are "imminent," not those that are "debatable or speculative." See Commonwealth v. O'Kane, 53 Mass. App. Ct. 466, 470 (2001) (quotation omitted).

Second, in the absence of any evidence about the substance of Soto's threats, the threats and the defendant's observations of the firearms[5] (in a stranger's car and in Soto's possession) are insufficient to allow a judge or jury to assess whether the

---

[5] There was no evidence to suggest that Soto threatened the defendant with a gun, or that anyone else did so.

4

defendant's fears were "well-founded and reasonable," or whether, in context, "no person of reasonable firmness could have acted otherwise in the circumstances."[6] Vasquez, 462 Mass. at 832-833. Contrast Perl, 50 Mass. App. Ct. at 446 (defense of duress available where defendant subjected to threats against his daughter accompanied by maker's miming strangling movements, "wav[ing] a gun in front of the defendant's nose," and indicating intention to set "large dog" then in his car on the daughter).

Third, even if we were to conclude (which we do not) that the evidence established that the defendant's ongoing participation in the drug operation was the result of his "well-founded and reasonable fear" of an imminent threat of harm by Soto or his suppliers, we are not persuaded that the evidence could support a finding that the defendant lacked a "reasonable and available chance of escape." Vasquez, 462 Mass. at 832-833. See Perl, 50 Mass. App. Ct. at 449-450. "By linking the imminency of harm and the possibility of escape, we advance, as matter of policy, the proposition that a threatened person, given the opportunity, must utilize available law enforcement

---

[6] We are not blind to the inherent dangers involved in drug trafficking or in the possession of illicit drugs. A participant's fear on general principles of being harmed by other drug dealers does not, however, require a sua sponte instruction on duress.

resources to avoid committing a serious crime, provided those resources reasonably may be relied upon in the circumstances to protect him and any other threatened person."  Perl, supra at 450.

Soto's threats were made in August or September 2017 and the defendant's observations of the two firearms about which he testified had been made by that time.  Despite having a home apart from Soto's, a telephone, a vehicle, and a family member who was an attorney, the defendant made no effort to contact the police for help, either when the threats were made or in the months that followed.[7]  Where the defendant had an available avenue of escape from participation in Soto's operation, but "did not want to" avail himself of it and did not do so, he was not entitled to rely on the affirmative defense of duress.  See Melzer, 14 Mass. App. Ct. at 184, 185 (defendant not entitled to duress instruction where uncontested evidence revealed defendant's coercers left him alone for "at least a half an hour in the middle of a continuing criminal episode"; facts did not show that defendant lacked opportunity to escape).  Contrast Robinson, 382 Mass. at 192 (judge obligated to instruct on

_____

[7] Further, as demonstrated by the defendant's immediate cooperation with the police, including his provision of a detailed statement about the drug operation, nothing in the evidence suggested that the defendant had reason to doubt that the police could or would help him to escape from Soto and his other associates.  See Perl, 50 Mass. App. Ct. at 450.

6

duress where evidence included defendant's testimony that he participated in crime because he "couldn't see anything else to do" after codefendant responded to his effort to withdraw by firing shotgun inside defendant's car).

We are satisfied that, in this case, the judge did not err by failing to instruct the jury on duress.

Judgments affirmed.

By the Court (Blake,
Massing & Hand, JJ.[8]),

*Joseph F. Stanton*

Clerk

Entered:  November 15, 2023.

---

[8] The panelists are listed in order of seniority.